UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GIAVONNA TRAVIS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:05CV2364 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on pro se Movant Gi'Avonna Travis's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed December 19, 2005. (Doc. No. 1).

## BACKGROUND

By way of background, on September 3, 2004, Movant plead guilty to one count of knowingly and intentionally possessing with the intent to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The Plea Agreement recommended a base offense level of 32, with a two level increase pursuant to U.S.S.G. § 2D1.1(b)(1), for possessing a dangerous weapon during the commission of the crime. The Plea Agreement also recommended a full three level decrease if Movant accepted responsibility for her conduct under Section 3E1.1 of the Sentencing Guidelines. The parties thus estimated a total offense level of 31. The Plea Agreement left the determination of Movant's Criminal History Category to the Court, after it reviewed the Presentence Report.

The Plea Agreement contained the following provisions regarding Movant's waiver of post-conviction rights:

(1) **Appeal:** The defendant has been fully apprised of her rights to appeal by her attorney including her right to appeal her sentence under Title 18, U.S.C., Section 3742. In the event the District Court accepts the plea in this case, defendant understands that as part of this agreement, both the defendant and the Government hereby mutually agree to waive all rights to appeal all non-jurisdictional issues, including but not limited to any issues which relate to pre-trial motions, hearings and discovery; any issues which relate to the negotiation, taking or acceptance of the guilty plea or the factual basis of the plea; any issues relating to any right to indictment, jury trial, and burden of proof on sentencing facts; any issues relating to the applicability and validity of the Sentencing Guidelines; and whatever sentence is imposed, including any issues that relate to the establishment of the Offense Level or the Criminal History Category which is used to produce the Guideline range, reserving only the right to appeal from an upward or downward departure from the Guideline range that is established by the Court at sentencing. In this regard, the parties expressly acknowledge that except for the recommendations found in this Stipulation, no agreement has been reached as to issues pertinent to the Guideline calculation and the parties understand that the District Court neither is a party to, nor bound by the Guideline recommendations of the parties. These issues are left for the District Court's determination; the District Court's decision shall not be subject to appeal.

(2) *Habeas Corpus*: The defendant states that she is fully satisfied with the representation she has received from her counsel, that they have discussed the government's case, possible defenses and defense witnesses, and that her counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and her defense, and in light of this, the defendant further agrees to waive all rights to contest the conviction or sentence, except for grounds of prosecutorial misconduct or ineffective assistance of counsel, in any post conviction proceeding, including one pursuant to Title 28, U.S.C., Section 2255.

On December 14, 2004, Movant was sentenced to 168 months imprisonment, followed by supervised release for five years. No direct appeal was filed. As stated above, the instant § 2255 Motion was filed on December 19, 2005[1], alleging the following four grounds for relief:

(1) That Movant received ineffective assistance of counsel, in that her counsel failed to file a notice of appeal;

---

[1] "A 1-year period of limitation shall apply to a motion under [§ 2255]." 28 U.S.C. § 2255. "The limitation period shall run from...(1) the date on which the judgment of conviction becomes final". 28 U.S.C. § 2255(1). As stated above, Movant entered a guilty plea on September 3, 2004, and was sentenced on December 14, 2004. Movant had ten days to file a notice of appeal after the sentencing date. The present motion, filed December 19, 2005, thus is within the 1-year limitation period pursuant to § 2255.

(2) That Movant received ineffective assistance of counsel, in that her counsel failed to investigate the facts and circumstances of her case;

(3) That Movant received ineffective assistance of counsel, in that her counsel failed to pursue a claim that Movant's Fourth Amendment rights were violated by an illegal search and seizure; and

(4) That Movant's Guidelines range and Criminal History Score were improperly calculated, because in making its determination the Court relied on facts to which Movant did not admit, or to which Movant's attorney should have objected.

(§ 2255 Motion, PP. 1-11).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[2]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798

---

[2] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## **DISCUSSION**

As stated above, in Ground 1 of her § 2255 Motion, Movant maintains she received ineffective assistance of counsel, in that her counsel failed to file a notice of appeal. (§ 2255 Motion, P. 1). "An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling the [movant] to § 2255 relief." Evans v. United States, 2006 WL 1300672 at *5 (E.D. Mo. May 8, 2006). "No inquiry into prejudice or likely success on appeal is necessary." Id., citing Holloway v. United States, 960 F.2d 1348, 1356-57 (8th Cir. 1992).

> "The appropriate remedy is to remand for re-sentencing, thus affording the [movant] an opportunity to take a timely direct appeal." Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000). For such a claim to succeed, however, Movant must show that [s]he instructed [her] counsel to file an appeal. *See* Holloway, 960 F.2d at 1357.

Evans, 2006 WL 1300672 at *5. "The critical question, then, is whether Movant specifically asked [her] lawyer to file a notice of appeal." Id.[3] Upon consideration of the foregoing, the Court will hold an evidentiary hearing, in order to determine the facts relating to the alleged failure to file a notice of appeal on the part of Movant's counsel. See Crutcher v. United States, 2 Fed. Appx. 658 (8th Cir. 2001).

## **CONCLUSION**

Accordingly,

---

[3] "If Movant did ask for an appeal, [her] lawyer violated [her] Sixth Amendment rights by failing to complete the ministerial task of filing a notice of appeal." Evans, 2006 WL 1300672 at *5 (internal quotations and citation omitted).

**IT IS HEREBY ORDERED** that Movant Gi'Avonna Travis's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. No. 1) is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that the Court will hold an evidentiary hearing, in order to determine the facts relating to the alleged failure to file a notice of appeal on the part of Movant's counsel.

**IT IS FURTHER ORDERED** that the presence and participation of Gi'Avonna Travis, Inmate # 55529-019, is required for the evidentiary hearing, which will be held before this Court on **Monday, October 1, 2007**, at **10:00 a.m.**

**IT IS FURTHER ORDERED** that the United States Marshal Service shall transport Movant Gi'Avonna Travis, Inmate # 55529-019, from FCI Tallahassee, in Tallahassee, Florida, to this Court, to attend this hearing.

**IT IS FURTHER ORDERED** that the remaining claims in Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. No. 1) are **HELD IN ABEYANCE**, pending the outcome of the scheduled evidentiary hearing.

Dated this 31st day of August, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE