UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GIAVONNA TRAVIS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:05CV2364 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on pro se Movant Gi'Avonna Travis's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed December 19, 2005. (Doc. No. 1).

**BACKGROUND**

By way of background, on September 3, 2004, Movant plead guilty to one count of knowingly and intentionally possessing with the intent to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The Plea Agreement recommended a base offense level of 32, with a two level increase pursuant to U.S.S.G. § 2D1.1(b)(1), for possessing a dangerous weapon during the commission of the crime. The Plea Agreement also recommended a full three level decrease if Movant accepted responsibility for her conduct under Section 3E1.1 of the Sentencing Guidelines. The parties thus estimated a total offense level of 31. The Plea Agreement left the determination of Movant's Criminal History Category to the Court, after it reviewed the Presentence Report.

On December 14, 2004, Movant was sentenced to 168 months imprisonment, followed by supervised release for five years. No direct appeal was filed. As stated above, the instant § 2255 Motion was filed on December 19, 2005[1], alleging the following four grounds for relief:

(1) That Movant received ineffective assistance of counsel, in that her counsel failed to file a notice of appeal;

(2) That Movant received ineffective assistance of counsel, in that her counsel failed to investigate the facts and circumstances of her case;

(3) That Movant received ineffective assistance of counsel, in that her counsel failed to pursue a claim that Movant's Fourth Amendment rights were violated by an illegal search and seizure; and

(4) That Movant's Guidelines Level and Criminal History Score were improperly calculated, because in making its determination the Court relied on facts to which Movant did not admit, or to which Movant's attorney should have objected.

(§ 2255 Motion, PP. 1-11).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results

---

[1] "A 1-year period of limitation shall apply to a motion under [§ 2255]." 28 U.S.C. § 2255. "The limitation period shall run from...(1) the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). As stated above, Movant entered a guilty plea on September 3, 2004, and was sentenced on December 14, 2004. Movant had ten days to file a notice of appeal after the sentencing date. The present motion, filed December 19, 2005, thus is within the 1-year limitation period pursuant to § 2255.

- 2 -

in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[2]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

### I. Ground 1

As stated above, in Ground 1 of her § 2255 Motion, Movant maintains she received ineffective assistance of counsel, in that her counsel failed to file a notice of appeal despite being instructed to do so. (§ 2255 Motion, P. 1). On October 1, 2007, the Court held a hearing on this issue.

During the evidentiary hearing, Movant testified that on the day of sentencing, she notified Kyle Winston, her appointed attorney, that she wanted to file a notice of appeal. (Evidentiary Hearing Transcript, P. 4).[3] Movant testified Mr. Winston assured her he would come see her, in

---

[2] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

[3] Movant claims she wanted to appeal, despite her admission during the hearing that she was aware prior to sentencing she would receive fourteen years imprisonment. (Evidentiary Hearing Transcript, PP. 23, 29).

order to process the paperwork. (Id.). When he failed to follow through, Movant testified that she, her mother, and her aunt all placed calls to Mr. Winston, but he never responded. (Id.).[4]

During his testimony, Mr. Winston asserted he spoke with Movant at length regarding the proposed Plea Agreement, and that she understood the potential penalty she was facing. (Evidentiary Hearing Transcript, PP. 52, 53). Mr. Winston testified he also discussed the Presentence Investigation Report with Movant. (Id., PP. 53-54). He further testified that Movant never asked him to file a notice of appeal, nor did she inform him that she wanted to appeal her case. (Id., PP. 55-56).[5] Finally, while Mr. Winston acknowledged being in contact with both Movant and her family after the sentencing, he stated the nature of their requests was for a transfer of files, not for an appeal. (Id., P. 58).

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that her attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, she is not entitled to relief unless she can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a

---

[4] Movant's aunt, Ms. Lue Wilson, and mother, Ms. Lela Travis, testified they attempted to contact Mr. Winston regarding the appeal. (Evidentiary Hearing Transcript, PP. 41-42, 46).

[5] Mr. Winston stated, "I mean if she had [instructed me to file a notice of appeal] and she'd told me that morning, it would have been very easy for me to go down to the third floor and go to the Clerk's Office and handwrite out a motion saying, 'I file a notice of appeal.'" (Evidentiary Hearing Transcript, P. 56).

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice the Movant must show that, but for counsel's error, she would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

"An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling the [movant] to § 2255 relief." Evans v. United States, 2006 WL 1300672 at *5 (E.D. Mo. May 8, 2006). "No inquiry into prejudice or likely success on appeal is necessary." Id., citing Holloway v. United States, 960 F.2d 1348, 1356-57 (8th Cir. 1992).

> "The appropriate remedy is to remand for re-sentencing, thus affording the [movant] an opportunity to take a timely direct appeal." Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000). For such a claim to succeed, however, Movant must show that [s]he instructed [her] counsel to file an appeal. *See* Holloway, 960 F.2d at 1357.

Evans, 2006 WL 1300672 at *5. "The critical question, then, is whether Movant specifically asked [her] lawyer to file a notice of appeal." Id.[6] A bare assertion that she made the request is not by itself sufficient to support a grant of relief, if evidence that the Court finds to be more credible indicates the contrary position. Rodriguez v. United States, 964 F.2d 840, 842 (8th Cir. 1992).

After considering the testimony from the evidentiary hearing and the record generally, the Court finds Movant did not inform Mr. Winston of her desire to file an appeal. Specifically, the Court holds Movant's testimony during the hearing was not credible, especially in light of her assertion that she had lied to this Court in the past. (Evidentiary Hearing Transcript, PP. 35-36). The Court finds Mr. Winston's testimony, to the effect that neither Movant nor members of her family indicated a

---

[6] "If Movant did ask for an appeal, [her] lawyer violated [her] Sixth Amendment rights by failing to complete the ministerial task of filing a notice of appeal." Evans, 2006 WL 1300672 at *5 (internal quotations and citation omitted).

desire to file an appeal, to be credible. Ground 1 of Movant's § 2255 Motion will therefore be denied.

## II. Grounds 2 And 3

In Ground 2 of her § 2255 Motion, Movant alleges she received ineffective assistance of counsel, in that her counsel failed to investigate the facts and circumstances of her case. (§ 2255 Motion, PP. 4-5). In Ground 3, she alleges she received ineffective assistance of counsel, in that her counsel failed to pursue a claim that Movant's Fourth Amendment rights were violated by an illegal search and seizure. (Id., PP. 6-8).

As stated above, in order to prevail on a claim of ineffective assistance of counsel, Movant must show that her attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland, 466 U.S. at 687. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, she is not entitled to relief unless she can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice the Movant must show that, but for counsel's error, she would not have pled guilty, but would have insisted on going to trial. Hill, 474 U.S. at 59.

Upon consideration, the Court holds it need not consider whether Movant's counsel's performance was deficient, as Movant fails to demonstrate the requisite prejudice; in other words,

she fails to establish that absent her counsel's alleged errors, she would have insisted on proceeding to trial. Rather, during the guilty plea proceeding, the District Court questioned Movant extensively regarding her decision to plead guilty, as follows:

> THE COURT: Miss Travis, have you received a copy of the charges, the indictment in this matter?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And have you had an opportunity to discuss those with Mr. Winston?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you have any question about the charges against you?
>
> THE DEFENDANT: No, Your Honor....
>
> THE COURT: I have received a document entitled "Plea Agreement, Guidelines, Recommendations and Stipulations." This is a 14-page document, and I have the original here in front of me. Do you have a copy there in front of you?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Okay. Turning to Page 14, which is the last page, is that your signature, Miss Travis,--
>
> THE DEFENDANT: Yes, it is, Your Honor.
>
> THE COURT: --the middle signature? And did you sign that this morning?
>
> THE DEFENDANT: Yes, I did....
>
> THE COURT: Now, Miss Travis, have you had an opportunity to review and discuss the provisions of this document with Mr. Winston?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And are you in agreement with everything contained in this document?
>
> THE DEFENDANT: Yes.

| | |
|---|---|
| THE COURT: | Is there anything in this document with which you disagree? |
| THE DEFENDANT: | No, Your Honor. |
| THE COURT: | Do you have any questions about any provision of this document? |
| THE DEFENDANT: | No. |
| THE COURT: | Has anyone made any promises or assurances to you other than what's contained in this document in order to cause you to plead guilty today? |
| THE DEFENDANT: | No, Your Honor. |
| THE COURT: | Has anyone tried to force or coerce you into pleading guilty? |
| THE DEFENDANT: | No. |
| THE COURT: | Are you doing this of your own free will? |
| THE DEFENDANT: | Yes.... |
| THE COURT: | Did you, in fact, commit these acts as Mr. Judge[7] described them and as they are also described in Paragraph 4 of the stipulation? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | How do you plead to Count I? Guilty or not guilty? |
| THE DEFENDANT: | Guilty. |

(Change of Plea Hearing Transcript, Case No. 4:03CR431 JCH, Doc. No. 33, PP. 4-6, 12-13). The Court further questioned Movant with respect to her satisfaction with her counsel, as follows:

| | |
|---|---|
| THE COURT: | Now, Miss Travis, are you satisfied with the representation you have received from Mr. Winston? |
| THE DEFENDANT: | Yes. |

---

[7] Patrick Judge was the Assistant United States Attorney assigned to Movant's case.

| | |
|---|---|
| THE COURT: | Do you have any complaints whatsoever about his representation of you? |
| THE DEFENDANT: | No, Your Honor. |

(Id., P. 4). Finally, the Court questioned Movant with respect to her understanding of the applicable sentencing range, as follows:

| | |
|---|---|
| THE COURT: | Now, Miss Travis, do you understand that the maximum possible penalty under the law for the offense in Count I is a fine of not more than four million dollars or imprisonment of not less than ten years, no more than life, and a mandatory term of supervised release following any imprisonment of not less than five years, no more than life? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Okay. And do you understand--Well, let me ask you this: In this plea agreement, and I'm looking now at Page 2 under Section 2(b), in this plea agreement between you and the Government, both sides have agreed that if I accept your plea of guilty, the sentence will be determined pursuant to the *Federal Sentencing Guidelines*. Now have you discussed that with Mr. Winston? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | And do you understand that if I accept your plea, I will not know what guideline applies until I have received a presentence investigation? |
| THE DEFENDANT: | Yes, Your Honor. |

(Id., PP. 6-7). Based on Movant's representations during her change of plea proceeding, the Court held as follows:

| | |
|---|---|
| THE COURT: | It is the finding of the Court in the case of *United States vs. Travis* that the Defendant is fully competent and capable of entering an informed plea; that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the elements--of the essential elements of the offense. The |

> plea to Count I is, therefore, accepted and the Defendant is
> now adjudged guilty of the offense.

(Id., P. 13).

The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990), quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). This Court thus finds that Movant's own testimony demonstrates she voluntarily pled guilty, and further received effective assistance of counsel. Smith, 921 F.2d at 157. Movant's second and third grounds for relief will therefore be denied.

### III.   Ground 4

In Ground 4 of her § 2255 Motion, Movant alleges her Guidelines Level and Criminal History Score were improperly calculated, because in making its determination the Court relied on facts to which Movant did not admit, or to which Movant's attorney should have objected. (§ 2255 Motion, PP. 8-9). Specifically, Movant maintains this Court's reliance on the Presentence Investigation Report to support a sentence enhancement based on Movant's alleged possession of a firearm in connection with her drug offense was improper, as Movant objected to that portion of the Report. (Id., P. 8). Movant further asserts her Criminal History Score should not have been increased based on prior convictions that either were too remote, or that the Government agreed to withdraw as part of the Plea Agreement. (Id., PP. 8-9).

Upon consideration, the Court finds Movant's claims to be without merit. With respect to Movant's claim regarding her possession of a gun, the Court notes that during the plea colloquy, Mr. Judge testified the relevant facts in Movant's case were as follows:

> A search of Defendant's car resulted in the recovery of cocaine base
> crack from the front seat area of the Defendant's car. The Defendant admits

>
> that this cocaine base was her cocaine base and that she knew of its presence in her automobile prior to and at the time it was seized by the police....
>
> Also located inside the car was the Defendant's purse. The purse was on the driver's seat of the vehicle. A search of the purse resulted in the recovery of a loaded and operable .22 caliber firearm. Defendant admits to this Court that this was her firearm and that she knew of its presence inside her purse prior to and at the time it was seized by the police.

(Change of Plea Hearing Transcript, PP. 11-12). Movant then testified under oath that she agreed with everything Mr. Judge had stated, and that she had committed the acts as described by Mr. Judge and in the stipulation. (Id., P. 12). As stated above, "[s]olemn declarations in open court carry a strong presumption of verity." Smith v. Lockhart, 921 at 157 (internal quotations and citation omitted). This Court thus finds that Movant's own testimony demonstrates she possessed a firearm in connection with her possession of cocaine base, and so there existed a factual basis to justify the applied enhancement.[8]

Finally, with respect to Movant's claim that her Criminal History Score should not have been increased based on prior convictions that either were too remote, or that the Government agreed to withdraw as part of the Plea Agreement, the Court finds such claim to be refuted by the record. Specifically, the Court notes that in the Plea Agreement, Movant acknowledged that her prior convictions would be used to establish her criminal history category, and that they usually resulted in a harsher sentence. (Plea Agreement, P. 12). Further, although the Plea Agreement advised that

---

[8] As further support for its ruling, the Court notes the following provision in Movant's Plea Agreement: "The Government and the defendant recommend that a 2-level increase in defendant's Guidelines level, pursuant to U.S.S.G., Section 2D1.1(b)(1), is applicable as the defendant possessed a dangerous weapon; to wit, a firearm at the time she possessed the herein described cocaine base." (Plea Agreement, Case No. 4:03CR431 JCH, Doc. No. 24, P. 6). Movant thus acknowledged the appropriateness of the enhancement at the time of her plea, and further withdrew any objections to the Presentence Investigation Report at the time of sentencing. (See Sentencing Hearing Transcript, Case No. 4:03CR431 JCH, Doc. No. 34, P. 2).

the parties retained their right to challenge the eventual criminal history category, Movant declined to do so.[9] Based on these circumstances, Ground 4 of Movant's § 2255 Motion must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 14th day of February, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[9] As stated above, Movant agreed at sentencing to withdraw any objections to the Presentence Investigation Report. (Sentencing Hearing Transcript, P. 2).